Your argument this morning is Flint against the City of Belvidere. Mr. Maccatelli. Good morning. May it please the court, members of this court, my name is James Maccatelli and I represent the plaintiff in this case. The district court in this matter erred in that the plaintiff did not provide sufficient evidence to prove the proximate cause of Marty Flint's death. That is a question of fact that I asked this court to determine and not a question of law as the district court had held. Well counsel, if you say these are questions of fact, you immediately encounter the district judge's conclusion that you did not comply with the local rule on properly presenting questions of fact. Why isn't the district judge entitled to treat the facts as those presented by the defense? Your Honor, the judge did make that statement in the first part of his order. Indeed, and we keep saying that district judges can enforce their local rules on appropriate sequences and structure of filings and summary judgment. But Your Honor, after the judge made that statement about the deficiencies in the plaintiff's response to the defendant's brief, the judge then went on to really decide this case on its merits. That is the goal of every court or it is the stated goal of every court is to decide every matter on its merits. And that's what the judge in this case did. He looked at the evidence that there was in this case. The plaintiff didn't provide any proof as to who actually caused the death of Marty Flint. Your Honor, I ask you to take into consideration the factors in this matter that this is a substantive due process case. We have a right to life, liberty, and property. And I say we, that means everyone present in this country of the United States. If those rights are interfered with... I'm not sure how you're answering my question. Is it that the district judge is just supposed to ignore the violation of the local rule? What seems to have happened here, as the district judge said, the plaintiff violated the local rule, so I'm taking the facts as they were marshaled by the defense. Are you saying that even as the facts were marshaled by the defense, the judge erred? Or are you saying that the judge erred by taking the facts as they were marshaled by the defense? I think the judge erred in applying the facts to the rules of law in this particular case. Well, then you're essentially saying the judge can't enforce the local rule. Yes, he can, Your Honor. And what he chose... How would it be enforced? What he chose to do in this particular case was mention that there was a deficiency, and then went on to decide this case on its merits. That's what always happens in all the cases we have of this kind. That's what always happens. The case is decided on the merits, using the facts that were marshaled by the party who complied with the local rule, and disregarding the facts being marshaled by the non-complying party. And then it's decided on the merits, using that factual basis. Yes, sir. Are you saying that district judges can't do that anymore? No. Or are you making it... Then I'm The judge went on in his brief to explain the facts that he relied on, and those facts were present. The facts were that Marty Flint was an informant for the Belvedere Police. The facts were that the Belvedere Police Department ran with him with three organized drug buys from individuals who were selling drugs in Belvedere. The facts are that Marty received death threats after his involvement in this particular being an informant. The facts are that he was called a snitch by everybody in the town. The facts are that three years later he had, or two and a half years later, he had numerous bullets in his head, face, neck, and torso. Those facts, Judge, would be enough for a jury to determine that the proximate cause of the death of Marty Flint is the Belvedere Police Department. That is the whole purpose of this case. And that was Marty Flint's substantive right to due process. The state put him in a position of peril, and they did nothing to protect him after they had sufficient knowledge and evidence that there may be complications that could arise that could, Marty Flint, that would cause Marty Flint's death. And I asked the court to take into consideration, there doesn't have to be substantial amount of proof or substantial amount of facts. One specific fact can be a determinative fact in a case. In this particular case, the facts that are determinative is that the status of Marty Flint as an informant, setting up three big drug deals between individuals who were Latin King gang members, threats that were received by Marty Flint, his mother, and his wife, an individual who attempted to run Sarah Flint off the road, who was Marty Flint's wife, and who had stated, Marty Flint is going to die, get a bullet in his head for being a snitch. And then a gangland type slaying that occurs as Marty Flint is sitting inside his parked automobile, another vehicle pulls up, numerous gunshots evolve, and Marty Flint is dead with being shot in his head, his face, his neck, and his torso. Those are the facts that the district judge had before him. And I don't ask the court to excuse the deficiencies. I apologize to the court for the plaintiff's deficiencies. However, the judge went on in this case, he got past the actual facts, and made a decision. And that decision was an error. That decision was a decision that was to be made by a jury of Marty Flint's peers, or the people in the community. That was not a question of law. And the most important part of this And in this case, I present to the court just the facts that were provided. It's not a very complicated fact pattern. There's an individual who has made promises to be kept confidential. Those promises were never intended to be kept. The police officers breached those promises. Is there, by the way, any argument that the defendants wanted Flint to be harmed? No, I don't believe. In your view, what's the intent requirement to make out a due process claim? I'm sorry, Your Honor, I didn't understand. What mental state must be shown to negligence does not suffice. Right. Deliberate indifference. When they received notices that in fact there were threats on Marty Flint's life, there was nothing actually done. And in fact, the individual that was arrested for interfering or tampering with witnesses, Rosario Marendo, was arrested and then released on a disorderly conduct charge. The police officers made misstatements in this case and said that he was charged with a felony and received three years in jail. Checking the public record shows that's not true. They used that individual as an informant also. So, Judge, in this particular case, the state created a dangerous situation. And as the case law states, it took Marty Flint and it threw him into the snake pit and did And then laughed when he asked for protection and said, oh, you want to have nothing to worry about. They can't even make bond. How are you going to get killed? And in this particular case, we saw what happened. Not only did he get killed, Your Honor, he was shot numerous times in a gangland slang fashion. I thank the court. Thank you, counsel. Mr. Gaynor. Thank you, Judge. May it please the court. Good morning. My name is Brian Gaynor. I represent the defendants in this case, the Belvedere police officers. The first issue I want to discuss is something that came up right at the beginning of counsel's argument, which is the local rule 56.1 violations in response to our motion for summary judgment at the district court. None of the facts, the judge found that almost all of the facts submitted by the plaintiff in response to our summary judgment motion had to be ignored. The judge found that the denials of our statements of fact that didn't cite to the record had to be ignored. Counsel said that someone told Marty Flint he would get a bullet in his head for being a snitch. That has no support in the record on summary judgment. It has no support here. Counsel said that Marty Flint was shot in numerous locations on his body. That has no support in the record on summary judgment and no support here. The court enforcing local rule 56.1, and as you said, Judge, there are numerous opinions that say judges in the district courts can expect strict compliance with that rule. The judge decided to ignore the denials, to deem our facts admitted, and ignore various facts asserted in the response brief that had no support. We know that this is an acceptable sanction for ignoring local rule 56.1, and because none of the facts presented by the plaintiff there on summary judgment or here on appeal were properly before the court, they were not considered there and they should not be considered here. Moving on to the state created danger argument. As we know, there are three prongs to that argument. The first prong is about the affirmative acts of the state. Did the affirmative acts of the state create or increase a danger to Marty Flint? Here, Marty Flint is the person who took the affirmative acts, leading to his work as a cooperating witness for the Belvedere Police Department. He knew that his name would be used and released in the course of criminal case discovery. He knew that because in the first instance, when he acted as an informant, he was arrested based on the statements of a cooperating witness whose name was revealed to him. He knew the second time he signed up to be a cooperating witness for Belvedere, because his name had been released after the first time, he knew his name had been released, and in fact he had received threats from the agent or friend of one of the people on whom he informed, and knew because of those threats that his name was out there. Knowing all of that, he went back to the Belvedere Police in 2009 and asked once again to be a cooperating witness. The Belvedere Police provided the forum here for Marty Flint to get consideration on the various criminal charges he was facing in 2006 and again in 2009. Knowing all of the risk, Marty Flint went and took affirmative actions to become a cooperating witness. Given the breadth of his knowledge about how the process worked, and about the fact that his name would be revealed if these cases went to trial, it can't realistically be called a surprise that his name was released. And it can't be argued that the defendants took any affirmative actions that created a danger for Marty Flint. Now the second prong of the due process claim here, the state-created danger due process claim, is proximate cause. And that's the prong upon which the district court relied on and talked about extensively in its order. Because of the factual problems that I talked about at the outset of my argument, there's no evidence in this case, there was no evidence on summary judgment, and there's no evidence now that ties the death of Marty Flint to the actions of the Belvedere Police officer defendants. The plaintiff alleged in her complaint at the start of this case, on information and belief, Marty Flint was killed by a drug dealer because he was a confidential informant. In support of that premise on summary judgment, the plaintiff cited back to that allegation. And then the plaintiff did that again in her appellate brief. We all know that allegations in complaints are not evidence. There is not a single shred of evidence supporting that allegation in the complaint. And that's clearly insufficient. And that's what the court found. We know that Marty Flint's murder happened after he was a cooperating witness. He was a cooperating witness twice. First, his murder happened after that. But sequence alone, the fact that one thing happened before another thing, is not enough to prove proximate cause. Marty Flint was killed two plus years after he started working as a cooperating witness. He was killed six weeks after his second stint as a cooperating witness. These are very significant delays in time, and they don't support the conclusion that there was proximate cause. Other factors considered when determining proximate cause are geography. Marty Flint acted as a cooperating witness in Belvidere. He was killed in Rockford. They're just contiguous cities, aren't they? I'm sorry? They're contiguous. Yes, they're about 15 miles away, I think. The range of potential victims. Marty Flint's counsel can say, or the plaintiff can say, that Marty acted as a cooperating witness, that was dangerous, and he was killed without any specific information about who killed him or why. The range of potential victims, under that logic, is anyone who's acted as a police informant, because it's dangerous. That does not support proximate cause. The nature of the harm, I think that's probably a toss-up, because the nature of the harm would be violence. And in here, Marty Flint died due to violence, but I don't think that's specific enough to allow for an inference or a conclusion that proximate cause exists. What's properly before the court here and what was properly before the court on summary judgment is that Marty Flint was murdered, that no one's been charged with that murder, that the Rockford Police Department designated the murder a cold case. We don't know the two most important facts, who killed Marty Flint and why. And because we don't know that, the murder cannot be laid at the feet of the police officer defendants here or the city of Belvedere. Now, counsel raised in his argument that the proximate cause issue here is an issue of fact, and it should not have been determined or decided by the district court. I would argue that in the extreme circumstances of this case, and those circumstances include the total disregard for Local Rule 56.1, but they also include the extreme circumstances surrounding Marty Flint's death, the fact that he was murdered after he worked for the Belvedere Police Department. In extreme circumstances, in a situation when we have no idea who murdered him or why, proximate cause can be an issue of law. And it was decided in the district court and it can be decided here. The final prong, which was not, I don't believe, touched upon in the summary judgment order, is the state action failing to protect Marty Flint must have shocked the conscience. It's well settled, and it's in various opinions in this circuit, that this exception to the Due Process Clause will only be applied in rare and egregious cases. Because there was no particularized threat to Marty Flint like there was in the Monfils case, because the police didn't know that Marty was specifically in danger, the fact that his name was released is at most, at most negligence. And as the judge said at the beginning of counsel, or during counsel's argument, negligence is not enough. With regard to the motion for an extension of time and the motion for a special prosecutor to investigate perjury, which is part of the plaintiff's appeal, I think it's very clear that the court did not abuse its discretion in denying either of those motions. Discovery was pending for a year. The motion to extend Discovery came a month after Discovery closed. And there was absolutely no authority cited for the premise that the court should apply, or should appoint, a special prosecutor. There's no support for the idea that the officers committed perjury. It's, again, an example of a number of wholly unsupported allegations without any record support. In conclusion, as I've said a couple of times, there's no evidence in the record before this court that supports the plaintiff's arguments that the defendants should be held responsible for the murder of Marty Flint, especially considering we don't know who killed Marty Flint or why. In light of that, I ask you to affirm the district court's order of summary judgment in favor of the defendants. Thank you. Anything further, Mr. Maciutelli? Your Honor, the whole basis of this case or this appeal is the fact that proximate cause, in any case, should be a question of fact that's decided by a jury and not decided as a matter of law. In this particular case, if there was only one fact that proved the potential that Marty Flint was killed as a result of his activities as an informant, it still should have gone to a jury. The judge in this particular case explained his findings in this case, and his findings were in error in the fact that proximate cause in this case was seen as a question of law. And I cited that Hickerson case as an example. There really is no other case that I came across in my substantial amount of research that I did that discusses that in this federal court or federal district. In that particular case, we had a prisoner who was told, I'm sorry, there are a bunch of prisoners in a room who are watching TV, and the volume isn't loud enough. So they asked him to go and tell the individual in charge of the TVs to turn the volume louder. When he goes and reports that and asks to turn the volume louder, the individual changed the channel, which made all the prisoners very, very, very angry. In that particular case, the individual received threats from all the gang members, I'm sorry, from all the prison members who stated because he had interfered with their right to watch the program that they were going to watch, he was going to have dire circumstances. A week later, he was beaten by several individuals who were never identified. And in that court, the Seventh Circuit Court of Appeals stated that there was a question of fact as to, and I stand corrected, I believe it was the Sixth District Court of Appeals, there was a question of fact as to the proximate cause. Although we did not know actually who beat that individual or why, that is a question of fact for a jury to determine. Could a jury determine from the facts that are presented to them previously that it was a direct cause of those particular facts? And the court said yes. Therefore, a decision as to proximate cause as a matter of law was error. And Judge, I ask you also to consider in this particular case, this is a case where the police officers in this case, conduct was not only deliberately indifferent, but it was wrong in that it was fraudulent and that it was filled full of lies. They appeared in this court or in the district court. They appeared at their depositions and they lied and lied and lied and lied. They didn't tell the truth. They committed perjury. That is a direct threat to our system of justice. I asked the court for a special investigation because that interfered with my rights in this particular case. What is the authority for a district court in federal litigation to appoint a special prosecutor? Judge, there's substantial authority. The court must protect its own integrity. What is the authority? Prosecution in the federal system, the prosecutorial function belongs to the executive branch, not to the judicial branch. What is the grant of authority for a district court to appoint a special prosecutor? Well, Judge, the district court is entitled to refer a case to the United States Attorney. Yes. But not to prosecute itself. That's why I'm asking what you think the authority is. Well, Judge, coming from the district court, if they were to ask the U.S. Attorney to do it. The answer to my question about authority would be to cite a statute or perhaps a decision of the Supreme Court saying judges have this authority. Is there anything you're relying on? I am not, Your Honor. And what I was trying to explain to you, Your Honor, was the fact that the judge, if they were to ask the U.S. Attorney to present or to do an investigation, it's more likely to get done than if I were to ask, which I did ask, and I was denied. So in answer to your question. You're not asking us to direct the district judge to refer a file to the U.S. Attorney. You're asking us to direct the appointment of a special prosecutor, and that's why I'm asking what authority there is for this. Well, Judge, I'm sorry if I was mistaken. What I'm asking the court to do is to make sure that someone appointed an individual for this investigation. Your Honor, you know, police officers have a badge. I understand they have substantial responsibilities. Why should they be under a different law than everybody else? The law applies equally to all individuals involved, and in this particular case, by the result of their actions, an individual is dead, an individual, Marty Flint, who was married and had three minor children. Who's going to pay for those losses, Judge? In this particular case, we asked the court to consider that, in fact, the approximate cause of Marty Flint's death was a question of fact, and therefore reverse the grant of summary judgment in favor of the defendants. Thank you very much, Counsel. The case is taken under advisement.